**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SIENA–MEADCO, LLC, doing business as United Memorial Gardens, Respondent.**

No. 03–2594.

United States Court of Appeals, Sixth Circuit.

March 19, 2004.

Aileen A. Armstrong, Dep.Asso.Gen.Counsel, Linda Dreeben, National Labor Relations Board, Washington, DC, for Petitioner.

Siena–Meadco, LLC, Plymouth, MI, pro se.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

## JUDGMENT

The National Labor Relations Board (the "Board") applies for summary enforcement of its September 9, 2003 decision and order in Case No. 7–CA–45738 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. *See* 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")

It therefore is ORDERED and ADJUDGED that the Board's decision and order in Case No. 7–CA–45738 is hereby enforced. The respondent, Siena–Meadco, LLC, d/b/a United Memorial Gardens, its officers, agents, successors, and assigns, shall abide by the provisions of said decision and order. (See Attachments.)

## ORDER

The National Labor Relations Board orders that the Respondent, Siena–Meadco, LLC d/b/a United Memorial Gardens, Plymouth, Michigan, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Failing and refusing to bargain with United Steelworkers of America, AFL–CIO, CLC, as the exclusive bargaining representative of the employees in the unit set forth below, by unilaterally failing, contrary to its past practice, to include holiday hours in the calculation of employee hours worked, and to pay overtime accordingly. The appropriate unit is:

All full-time and regular part-time crew coordinators, maintenance employees and grounds workers employed by the Respondent at its facility located at 4800 Curtis Road, Plymouth, Michigan; but excluding all office clerical employees, superintendents, managers, salespersons, confidential employees, professional employees, and guards and supervisors as defined in the Act.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Rescind the unilateral change in its practice of including holiday hours in the calculation of employee hours worked and paying overtime accordingly.

(b) Make employees whole, with interest, for any loss of earnings or other benefits they suffered as a result of Respondent's failure to continue this practice for the weeks including the holidays of November 28 and December 25, 2002, and January 1, 2003, as set forth in the remedy section of this decision.

(c) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(d) Within 14 days after service by the Region, post at its facility in Plymouth, Michigan, copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since November 28, 2002.

(e) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

---

1. If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read

"Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

## APPENDIX

### NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

### FEDERAL LAW GIVES YOU THE RIGHT TO

Form join, or assist any union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

WE WILL NOT fail and refuse to bargain with United Steelworkers of America, AFL–CIO, CLC, as the exclusive bargaining representative of the employees in the unit set forth below, by unilaterally failing, contrary to our past practice, to include holiday hours in the calculation of employee hours worked, and to pay overtime accordingly. The unit is:

All full-time and regular part-time crew coordinators, maintenance employees and grounds workers employed by us at our facility located at 4800 Curtis Road, Plymouth, Michigan; but excluding all office clerical employees, superintendents, managers, salespersons, confidential employees, professional employees, and guards and supervisors as defined in the Act.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL rescind the unilateral change in our practice of including holiday hours in the calculation of employee hours worked and paying overtime accordingly.

WE WILL make the unit employees whole, with interest, for any loss of earnings and other benefits suffered as a result of our failure to continue this practice for the weeks including the holidays of November 28 and December 25, 2002, and January 1, 2003.

SIENA–MEADCO, LLC D/B/A UNITED MEMORIAL GARDENS